JUDGE DUVALL
delivered tiie opinion of the court.
The appellees had purchased hogs from the appellant and other persons residing in Madison county, for the price of which notes had been given payable in ninty days. Shortly before the notes became due, the appellees left with Walker a sum of money sufficient to pay them. W alker, for his own convenience, deposited this money in the private bank of which Walker, Stone & Co. were the proprietors. The appellant applied to Walker for the payment of bis own note on the appellees, together with the notes held by two other persons. Walker went with the appellant to the banking house of Walker, Stone & Co., and there drew three several cheeks in favor of the three holders of the notes, which checks were handed by Walker to the cashier of the bank. In paying the money on these checks, it is claimed that the cashier, by mistake, paid to the appellant on one of the checks seventy dollars more than the sum for which it was drawn. The alleged mistake was discovered about two weeks after the payment; the appellant was immediately called on to refund the seventy dollars so paid him by mistake; but he denied having received that or any other sum over and above what was due upon the notes, and thereupon the cashier of the bank caused this action to be instituted in the names of the appellees, (but without any previous consultation with them,) against the appellant for the $70.
Upon the trial the facts above stated were proved substantially, and a verdict and judgment were rendered against the appellant for the amount claimed, and he has appealed.
*417 The only question to be determined is, whether, upon the facts stated, this action was maintainable by the appellees.
Deposits of money with banking corporations, or with bankers, are either general or special. A special deposit is where the specific money, the very silver or gold coin, or bills deposited, are to be restored, and not an equivalent. A general deposit is said to amount to a mere loan, and the bank is to restore, not the same money, but an equivalent sum, whenever it is demanded. (Story on Bailments, sec 88.)
That the deposit in this case was of the latter class admits of no question, and the legal consequences of the transaction, so far as they affect the rights of the appellees, are obvious. By the deposit made by their agent, they parted with all their title to that specific fund, and it became the exclusive property of the depositary. The effect of the transaction was to create a debt on the part of the bank to the depositors for the value of the sum deposited. The appellees, therefore, had no sort of interest in the subsequent management of the fund by the bank, there being no privity between' them and the customers of the bank, among whom it was disbursed in the regular course of business. The money claimed to have been overpaid to the appellant was, therefore, the money of the bank, and not the money of the appellees. It results, as matter of law, that the right of action to recover it back was in the bank, and not in the appellees. The court should therefore have given to the jury a peremptory instruction to find for the appellant.
Wherefore, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.